UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) No. 08 CR 115 |
| MARK POLCHAN, | ) |
| SAMUEL VOLPENDESTO, | ) |
| MICHAEL SARNO, | ) Hon. Ronald A. Guzman |
| also known as, "Big Mike, "Mikey," | ) |
| "Large," and "the Large Guy," | ) |
| ANTHONY VOLPENDESTO, and | ) |
| CASEY SZAFLARSKI | ) |

**Memorandum Opinion and Order**

Defendant's Sarno and Polchan move to exclude evidence of a recorded conversation on April 6, 2007 between Sarno and Polchan (# 376). Defendants contend that conversation is irrelevant because the conduct being discussed "appears to be about some possible future conduct which was turned down. It is not even clear from this conversation that the future conduct discussed is criminal in nature." The court disagrees.

The conversation is relevant in several respects. First, it establishes the relationship between defendant's Sarno and Polchan. Since the government is charging them with being part of a criminal conspiracy/enterprise engaged in a course of conduct over a period of time, evidence which tends to establish that they are, indeed, associates is relevant. Second, the government maintains that this conversation does relate to a racketeering activity, namely "juice loans." That is certainly a reasonable explanation of what the conversation is about. For example, Sarno states "You would *give it to 'em* at 2 ½ points and uh, and make them responsible *for it*." This certainly sounds like language relating to the interest to be charged for a loan. The defense is free to argue that the conversation concerned some legitimate activity, not criminal conduct. It will be for the jury to determine, in view of all of the facts and circumstances and evidence before them, including the relationship between Polchan and Sarno, the possible existence of a racketeering enterprise, the types of conduct the enterprise is involved in and the

positions of Polchan and Sarno within such an organization, whether the government's interpretation of the conversation has been proved.

The motion to exclude this recorded conversation is denied.

Dated: October 27, 2010

**SO ORDERED**             **ENTER:**

*[signature]*

**RONALD A. GUZMÁN**
**District Judge**