

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 08 CR 115 |
| v. ) | |
| ) | Judge Ronald A. Guzmán |
| MARK POLCHAN, SAMUEL ) | |
| VOLPENDESTO, MICHAEL SARNO, ) | |
| also known as, "Big Mike," "Mikey," ) | |
| "Large," and "the Large Guy," ) | |
| ANTHONY VOLPENDESTO, and ) | |
| CASEY SZAFLARSKI ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM OPINION AND ORDER

The parties are at issue over the inclusion in the jury instructions of certain bracketed language found in instruction 18 U.S.C. § 1962 (c & d) of the Criminal Federal Jury Instructions for the Seventh Circuit. The pattern instruction states:

> To be associated with an enterprise, a person must be involved with the enterprise in a way that is related to its affairs [or common purpose] [, although the person [need not have a stake in the goals of the enterprise [and] [may even act in a way that subverts those goals]]. A person may be associated with an enterprise without being so throughout its existence.

The prosecution has proposed the entire instruction, including all of the bracketed language. Anthony Volpendesto objects to the inclusion of the phrase "although the person need not have a stake in the goals of the enterprise and may even act in a way that subverts those goals." Volpendesto argues that whether the evidence is sufficient to establish his "association" with the enterprise is a question of fact on which the jury should not be instructed in this fashion. Additionally, Volpendesto argues that the bracketed material was intended to be used only in cases in which the alleged enterprise

is a legitimate organization with legitimate purposes or goals which the defendant's alleged participation may seem to subvert.[1]

The Court disagrees. It is proper to instruct the jury on what it means to be associated with an enterprise and the Committee on the Criminal Federal Jury Instructions has approved this language directed at this particular issue. In the Court's opinion the material is bracketed because it is only appropriate for cases in which there is evidence that an associate of the enterprise did not have a stake in enterprise and/or at time acted in a manner that subverts the goals of the organization. *See United States v. Mokol*, 957 F.2d 1410, 1417 (7th Cir. 1992) (holding that the statute does not require that a person have a stake or interest in the goals of the enterprise). There was such evidence in this case regarding Anthony Volpendesto and possibly others as well. Whether Volpendesto subverts the affairs or goals of an enterprise that is an informal association in fact, rather than a formal one, does not make a significant difference in determining if Volpendesto was associated with the enterprise as required by law. In other words, a person may be associated with an enterprise even when his conduct subverts some of the organization's goals whether the enterprise is a formal legal organization or an informal criminal organization, so long as he is involved with the organization in a way "that is related to its affairs or common purpose." *United States v. Yonan*, 800 F.2d 164, 167 (7th Cir. 1986) (holding that § 1962(c) forbids persons associated with an enterprise from "illicitly conducting or participating in the conduct of the enterprise's affairs"). The entire instruction including all of the bracketed language makes that clear and is appropriately given in this case. The instruction will be given over Volpendesto's objections.

Dated: December 17, 2010

SO ORDERED

ENTER:

RONALD A. GUZMAN

**U.S. District Court Judge**

---

[1] There is no Committee Comment to instruction § 1962(c & d) explaining when the bracketed language should be included.