IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **United States of America,** ) | | |
| **Plaintiff,** ) | | |
| ) | No. 08 CR 115 | |
| v. ) | | |
| ) | Judge Ronald A. Guzmán | |
| **Michael Sarno,** ) | | |
| **Defendant.** ) | | |

## ORDER

Defendant seeks an extension of the time to appeal from this Court's April 14, 2021 denial of his second motion for compassionate release. Under Rule 4(b)(5), "[u]pon a finding of excusable neglect or good cause, the district court may--before or after the time has expired, with or without motion and notice--extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)." Defendant seeks an additional 30 days from the expiration of the time to appeal from this Court's April 14, 2021 ruling. Under Federal Rule of Appellate Procedure 4(b)(1), the notice of appeal from the April 14, 2021 order was due no later than April 28, 2021.

Defendant, however, did not file a notice of appeal until May 21, 2021, after the Court ruled on Defendant's motion for reconsideration of the April 14, 2021 order. If the Court were to grant Defendant's motion, he would have 30 days from April 28, 2021 to file the notice of appeal; thus, the May 21, 2021 notice of appeal would be timely as it relates to the April 14, 2021 order. Defendant must show excusable neglect or good cause for the extension. "The term 'excusable neglect' . . . refers to the missing of a deadline as a result of such things as misrepresentations by judicial officers, lost mail, and plausible misinterpretations of ambiguous rules." *Abuelyaman v. Ill. State Univ.*, 667 F.3d 800, 808 (7th Cir. 2011). "The standard for reviewing whether neglect is 'excusable' is an equitable one, taking into consideration relevant circumstances, including (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its impact on judicial proceedings; (3) the reason for the delay (i.e., whether it was within the reasonable control of the movant); and (4) whether the movant acted in good faith." *Sherman v. Quinn*, 668 F.3d 421, 425 (7th Cir. 2012).

The Court can discern no prejudice to the government if the Court were to grant the motion, nor is the length of the delay significant. The reason for the delay, according to defense counsel, is that he believed that the motion to reconsider was analogous to a motion under Federal Rule of Civil Procedure 59(e) in a civil case, which tolls the time to appeal. That is not the case. *See* Fed. R. App. P. 4(b)(3)(A). The Court acknowledges that the Seventh Circuit generally does not find counsel's failure to read or know the rules of procedure to constitute excusable neglect. *See, e.g., McCarty v. Astrue*, 528 F.3d 541, 544 (7th Cir. 2008) ("An unaccountable lapse in basic legal knowledge is not excusable neglect."). Nevertheless, counsel admitted a mistake in interpreting the rules and promptly moved to fix the problem when notified. Paired with the lack of prejudice, the Court finds excusable neglect and grants the motion for an extension. *See Abuelyaman*, 667 F.3d at 808 (noting that "the [excusable neglect]

standard is a balancing test, meaning that a delay might be excused even where the reasons for the delay are not particularly compelling"); *In re Wigoda*, 11 F. App'x 624, 626 (7th Cir. 2001) (affirming the denial of a motion to extend the time to appeal, but noting that "[g]iven the admirable frankness with which [counsel] admitted her error, the promptness of her efforts to correct it, the apparent lack of prejudice to the other party, and the breadth of the bankruptcy court's discretion, it is possible that a ruling in [counsel's] favor might also have been sustainable.")

**Date**:  June 7, 2021

                                      **Ronald A. Guzmán**
                                      **United States District Judge**